CHALIKONDA ENTERPRISES, INC. *v.* NORTHPOINT
COMPUTER SYSTEMS, LLC
(AC 33711)

Lavine, Robinson and Espinosa, Js.

Argued May 14—officially released July 3, 2012

*Edward Kanowitz*, for the appellant (defendant).

*Stephen J. Curley*, for the appellee (plaintiff).

*Opinion*

LAVINE, J. The defendant, Northpoint Computer Systems, LLC, appeals from the judgment of the trial court confirming an arbitration award in favor of the plaintiff,

Chalikonda Enterprises, Inc., doing business as IrisIntelli Solutions, Inc. (IrisIntelli). On appeal, the defendant claims that the court improperly (1) denied its motion to dismiss the plaintiff's application to confirm the arbitration award and (2) granted the application to confirm the arbitration award. We affirm the judgment of the trial court.

The court made the following findings of fact. On February 8, 2010, Steven A. Certilman, an arbitrator, issued an award in favor of IrisIntelli against the defendant in the amount of $21,909 plus one half of the costs. Thereafter, IrisIntelli filed an application to confirm the arbitration award pursuant to General Statutes § 52-417. The matter appeared on the July 6, 2010 short calendar. At that time, the defendant had not filed an appearance and had not opposed the application to confirm the arbitration award. The court therefore confirmed the arbitration award and rendered judgment thereon. On July 26, 2010, the defendant filed a motion to reargue or reconsider along with documents to the effect that IrisIntelli was not a legal entity entitled to commence a proceeding in the Superior Court. The court granted the motion for reargument, which took place on October 12, 2010.

Following reargument, the court issued a memorandum of decision dated October 21, 2010, finding that the defendant had entered into a written agreement signed by Prasad Chalikonda on behalf of IrisIntelli as its president. The agreement called for Chalikonda to provide consulting services on behalf of the defendant to its client, General Electric, for a period of one year at the rate of $106 per hour starting on July 14, 2008. Chalikonda established the plaintiff on July 7, 2008. On August 6, 2010, Chalikonda, as the plaintiff's president, registered the trade name IrisIntelli Solutions, Inc., in Stamford. The defendant argued that the court lacked subject matter jurisdiction because IrisIntelli is not a

legal entity, citing *America's Wholesale Lender* v. *Pagano*, 87 Conn. App. 474, 477, 866 A.2d 698 (2005), which states that "a plaintiff bringing an action solely in a trade name cannot confer jurisdiction on the court." The court agreed with the defendant that it lacked subject matter jurisdiction because IrisIntelli was not a legal entity. The court vacated its July 6, 2010 judgment and dismissed the action without prejudice to the institution of a new proceeding in the name of a proper party.

The plaintiff then filed an application to confirm the arbitration award dated November 4, 2010. The defendant filed a motion to dismiss the application claiming that the court lacked subject matter jurisdiction because the plaintiff had no connection to the arbitration proceeding and therefore lacked standing. The court denied the motion to dismiss on May 26, 2011.

The court issued a memorandum of decision again confirming the arbitration award on May 24, 2011. The memorandum of decision contains the following facts and legal analysis. On July 1, 2008, IrisIntelli and the defendant entered into a consulting agreement by signing the defendant's form consulting agreement that provided for arbitration of any dispute concerning the consulting agreement. The consulting agreement was signed by Chalikonda as president of IrisIntelli. The consulting agreement called for the defendant to retain the services of IrisIntelli personnel to advise and to consult with the defendant's clients. Pursuant to the consulting agreement, the defendant placed Chalikonda with General Electric to provide information technology services at the rate of $106 per hour for eight hours a day for twelve months.

The court also found that Chalikonda commenced an arbitration proceeding against the defendant in the

name of IrisIntelli in 2009. The claim alleged that Chalikonda was self-employed and had a subchapter S corporation called IrisIntelli. The claim also alleged that the defendant placed Chalikonda with a large client in Stamford, billed the client for his services and compensated Chalikonda at a lesser hourly rate. In its application to confirm the arbitration award, the plaintiff identified Chalikonda as the plaintiff's president, director, secretary and agent. The business, mailing and residence addresses of the plaintiff and Chalikonda are identical. The court stated that, pursuant to § 52-417,[1] an arbitration award shall be confirmed unless it is vacated, modified or corrected as prescribed by General Statutes §§ 52-418[2] and 52-419.[3] The conditions under which an award may be vacated, modified or corrected are limited, and a motion to do so must be filed by a party

[1] General Statutes § 52-417 provides in relevant part: "At any time within one year after an award has been rendered and the parties to the arbitration notified thereof, any party to the arbitration may make application to the superior court . . . for an order confirming the award. The court . . . shall grant such an order confirming the award unless the award is vacated, modified or corrected as prescribed in sections 52-418 and 52-419."

[2] General Statutes § 52-418 (a) provides in relevant part: "Upon the application of any party to an arbitration, the superior court . . . shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

[3] General Statutes § 52-419 (a) provides in relevant part: "Upon the application of any party to an arbitration, the superior court . . . shall make an order modifying or correcting the award if it finds any of the following defects: (1) If there has been an evident material miscalculation of figures or an evident material mistake in the description of any person, thing or property referred to in the award; (2) if the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted; or (3) if the award is imperfect in matter of form not affecting the merits of the controversy."

within thirty days of notice of the arbitration award. See General Statutes § 52-420 (b).[4] The court found that the arbitrator issued his award to the defendant's counsel by at least February 12, 2010. At no time since then has the defendant filed a motion to vacate, modify or correct the award under either §§ 52-418 or 52-419.

Moreover, the court found that, although the defendant argued that the plaintiff was not a party to the arbitration award and that the consulting agreement is between the defendant and IrisIntelli, the plaintiff used that trade name when it was founded in 2008. In the demand for arbitration against the defendant, Chalikonda identified himself as the claimant and described the claim as one for payment of his services as a self-employed information technology consultant. The court also found that Chalikonda, who represented himself, improperly has used names such as IrisIntelli to describe his business. Throughout the arbitration and confirmation process, however, the claim has been for monies the defendant owes Chalikonda as compensation for his services. The arbitrator issued an award finding Chalikonda's claim was meritorious pursuant to a mutually agreed upon arbitration proceeding. The court found that the defendant has never filed a motion on any basis under §§ 52-418 or 52-419 seeking to vacate the arbitration award.

Despite the fact that the first confirmation proceeding was dismissed because IrisIntelli was not a legal entity entitled to invoke the statutory process, the present proceeding to confirm the arbitration award was brought by the plaintiff seeking payment for the services performed by its employee and officer, Chalikonda, under its trade name IrisIntelli. The court found that

---

[4] General Statutes § 52-420 (b) provides: "No motion to vacate, modify or correct an award may be made after thirty days from the notice of the award to the party to the arbitration who makes the motion."

the defendant's claim that the plaintiff had no relationship to the arbitration proceeding for the services provided by its employee lacked merit. The court confirmed the arbitration award and rendered judgment in favor of the plaintiff in the amount of $22,534 plus costs and postjudgment interest at the rate of 6 percent per annum. The defendant appealed, claiming that the court improperly denied its motion to dismiss and granted the plaintiff's application to confirm the arbitration award.[5]

"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . [O]ur review of the trial court's ultimate legal conclusion and resulting [denial] of the motion to dismiss will be de novo. . . . Factual findings underlying the court's decision, however, will not be disturbed unless they are clearly erroneous. . . . The applicable standard of review for the denial of a motion to dismiss, therefore, generally turns on whether the appellant seeks to challenge the legal conclusions of the trial court or its factual determinations." (Citations omitted; internal quotation marks omitted.) *State* v. *Bonner*, 290 Conn. 468, 477–78, 964 A.2d 73 (2009).

The record before us contains the defendant's consulting agreement signed by its president, Pamela Cianci, and Chalikonda on behalf of IrisIntelli. Attached to the consulting agreement is a task order signed by Cianci on behalf of the defendant and by Chalikonda on behalf of IrisIntelli. The task order states: "Start Date: on or about July 14, 2008" and "[t]his Task Order, as referred to in the Master Consulting Agreement,

---

[5] At oral argument before this court, counsel for the defendant conceded that the defendant does not claim that it does not owe the money awarded by the arbitrator.

dated July 1, 2008, and entered into by [the defendant] and IrisIntelli . . . the above named parties have executed this Task Order on the date set forth above." The record also contains the arbitration award, which states in relevant part: "On the claim of IrisIntelli . . . against [the defendant] . . . I find for [IrisIntelli] and award the sum of Twenty One Thousand Nine Hundred Nine and 00/100 Dollars ($21,909.00)." The record also discloses that no motion was filed within thirty days of the arbitration award; see General Statutes § 52-420 (b); to vacate, modify or correct the arbitration award. See General Statutes §§ 52-417, 52-418 and 52-419.

The November 4, 2010 application to confirm the arbitration award alleges in relevant part that the plaintiff "doing business as IrisIntelli . . . seeking an order confirming a certain arbitration award involving matters between [the plaintiff] and [the defendant] complains and says as follows: 1. On July 1, 2008, [the plaintiff] and [the defendant] entered into a written agreement for arbitration . . . . " In confirming the award, the court found that "the award is sought to be confirmed by a proper legal entity [the plaintiff] seeking payment for work performed by its employee and officer . . . Chalikonda, under its trade name IrisIntelli . . . . [The defendant's] argument that [the plaintiff] has no relationship to an award of compensation for the work of its employee lacks merit." We agree and conclude that the record supports the court's findings of fact and legal conclusion to confirm the arbitration award.

The judgment is affirmed.

In this opinion the other judges concurred.